IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRACY LANE BEATTY<br>　　*Plaintiff*,<br><br>v.<br><br>BRYAN COLLIER,<br>Executive Director, Texas Department of Criminal Justice;<br><br>BOBBY LUMPKIN,<br>Director, Correctional Institutions Division, Texas Department of Criminal Justice;<br><br>DANIEL DICKERSON,<br>Senior Warden, Polunsky Unit;<br>　　*Defendants*. | Civil Case No. 4:22-cv-3658<br><br><br><br>DEATH PENALTY CASE<br><br>EXECUTION SCHEDULED FOR NOVEMBER 9, 2022 |

**PLAINTIFF'S REPLY IN SUPPORT OF OPPOSED MOTION FOR PRELIMINARY INJUNCTION**

| | |
|---|---|
| JASON D. HAWKINS<br>Federal Public Defender<br><br>Jeremy Schepers<br>Supervisor, Capital Habeas Unit<br>Texas Bar No. 24084578<br>Office of the Federal Public Defender<br>Northern District of Texas<br>525 S. Griffin St., Ste. 629<br>Dallas, TX 75202<br>214-767-2746<br>214-767-2886 (fax)<br>jeremy_schepers@fd.org | James William Marcus<br>Texas Bar No. 00787963<br>Capital Punishment Clinic<br>University of Texas School of Law<br>727 E. Dean Keeton Street<br>Austin, Texas 78705<br>512-232-1475<br>512-232-9197 (fax)<br>jmarcus@law.utexas.edu |

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... ii
TABLE OF AUTHORITIES ................................................................................................. iii
I.   Beatty has not asked to be free from all restraints during his expert evaluations. ................................................................................................................................. 1
II.  Defendants offer no persuasive justification for their treatment of Beatty. ............... 1
     A.   Beatty is similarly situated to other death row inmates who received unhandcuffed evaluations. ............................................................................. 1
     B.   Defendants do not attempt to meet their burden regarding gender discrimination. ................................................................................................ 4
     C.   Defendants failed to address Beatty's cited cases regarding state interference with clemency. ............................................................................. 6
     D.   Defendants failed to respond to the actual access to courts claim raised by Beatty. ........................................................................................................ 6
     E.   Beatty did not assert that he currently has a Sixth Amendment right to counsel. .......................................................................................................... 7
III. Beatty will be irreparably injured if this motion is not granted. ................................ 7
IV.  Granting this motion will not substantially harm Defendants. .................................. 7
CONCLUSION ....................................................................................................................... 8
CERTIFICATE OF WORD COUNT .................................................................................... 9
CERTIFICATE OF SERVICE ................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atkins v. Virginia*,
    536 U.S. 304 (2002) ............................................................................................... 6, 7

*Engquist v. Oregon Dep't of Agr.*,
    553 U.S. 591 (2008) ............................................................................................... 1, 2

*McFarland v. Scott*,
    512 U.S. 849 (1994) ....................................................................................................7

*Mississippi University for Women v. Hogan*,
    458 U.S. 718 (1982) ....................................................................................................5

*Ricks v. Lumpkin*,
    No. 4:30-cv-1299 (N.D. Tex. April 19, 2022) ......................................................... 3, 4

*Shinn v. Martinez Ramirez*,
    142 S. Ct. 1718 (2022) ................................................................................................3

*Shoop v. Twyford*,
    142 S. Ct. 2037 (2022) ................................................................................................3

*Washington v. Lumpkin*,
    No. 4:07-cv-721 (S.D. Tex. Feb. 15, 2022) ................................................................4

*Wood v. Collier*,
    836 F.3d 534 (2016) ....................................................................................................2

**Statutes**

18 U.S.C. § 3599 ..............................................................................................................6

42 U.S.C. § 1983 ..............................................................................................................3

**Other Authorities**

U.S. Const. amend. VI ................................................................................................ 6, 7

Beatty submits this Reply in Support of Plaintiff's Opposed Motion for Preliminary Injunction.

## I. Beatty has not asked to be free from all restraints during his expert evaluations.

Beatty asked that Defendants remove his handcuffs during his expert evaluations, as they routinely did for years without a court order. Defendants, however, repeatedly assert that Beatty seeks an "unrestrained" evaluation. Doc. 11 at 10–12. Beatty does not ask Defendants to remove all restraints. Defendants can employ the same safety and security measures that they deem appropriate during the unhandcuffed evaluations experts routinely perform on other death-sentenced prisoners in Polunsky. Doc. 6 at 18.

## II. Defendants offer no persuasive justification for their treatment of Beatty.

### A. Beatty is similarly situated to other death row inmates who received unhandcuffed evaluations.

Defendants do not contest that Beatty is being treated differently than other death row inmates facing execution. They fail to identify one other person who was unable to obtain an unhandcuffed evaluation prior to their execution. Instead, they argue that they "properly exercised [their] discretion under the circumstances." Doc. 11 at 8. Defendants' purported distinctions that Beatty is not similarly situated to the identified comparators are either incorrect or appear to be post-hoc justifications for his treatment.

First, Defendants argue that their policies are not subject to class of one equal protection challenges. Doc. 11 at 8. But the only case Defendants offer in support is *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591 (2008). That case held that "a 'class-of-one' theory of

equal protection has no place in the public employment context" because "[i]t is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and individualized." *Id.* at 594, 604. *Engquist* is not applicable to the challenged practice. Defendants' recent practice to require a court order—at least for male death row prisoners—to have their handcuffs removed is universal. Doc. 1 ¶25; Ex. 1 ("Without a court order, TDCJ does not permit a death row inmate to be unshackled during an in-person contact examination by a medical expert."). Because Defendants' practice is objective, *Engquist*'s rationale does not apply.

Defendants' reliance on *Wood v. Collier*, 836 F.3d 534 (2016), is similarly misplaced. Doc. 11 at 9–10. In *Wood*, the plaintiffs asserted that Texas must retest the pentobarbital to be used in their executions because Texas had agreed to retest pentobarbital used in other executions. *Id.* at 539. The court swiftly rejected that theory on the grounds that it fell under the umbrella of subjective decision-making identified in *Engquist*. *Id.* at 541. Because here the practice is objective, *Wood* does not control.

Second, Defendants claim that "Plaintiff has not alleged that other inmates were allowed unhandcuffed expert evaluations when those inmates had completed state and federal postconviction review and there was no pending litigation." Doc. 8 at 9. Defendants are wrong. Beatty identified many similarities with Melissa Lucio, Stephen Barbee, Dexter Johnson, Randall Mays, and Danny Bible, who all requested unhandcuffed evaluations. Doc. 6 at 9. Among those similarities were that all were "[p]ast their first round of federal habeas proceedings." *Id.* True, Beatty did not specify that "there was no pending litigation." But, to

2

the extent this distinction is relevant, it is likewise wrong. The FPD's office represented Johnson, Mays, and Bible, and they did not have pending litigation at the time they received unhandcuffed evaluations. The same appears true for Lucio and Barbee, although Beatty cannot be sure. Regardless, Defendants certainly do not point to any pending litigation for any of them to support their supposed distinction.

Third, Defendants are correct that Beatty "ignores the change in legal precedent" brought about by *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (2022), and *Shoop v. Twyford*, 142 S. Ct. 2037 (2022). Doc. 11 at 9. This is a § 1983 suit to which those cases have no relevance. Both of those cases pertain to limits on a federal habeas court's power regarding factual development. Even if this Court considers those cases persuasive authority regarding the balance of federal and state power, neither case imposes any limits on the two areas in which Beatty would use the results of his unhandcuffed evaluations—clemency proceedings and subsequent state habeas litigation. Doc. 1 ¶¶56–64.

Defendants argue that *Martinez Ramirez* and *Twyford* "empowered the Defendants, and Defendant Lumpkin specifically, to more vigorously assert those concerns by providing the binding legal precedent to support a challenge in court." Doc. 11 at 9. At minimum, those cases certainly are not the "binding legal precedent" for a § 1983 suit that Defendants hold them out to be. *Id.* Furthermore, the idea that Defendant Lumpkin is relying on those cases to refuse to unhandcuff death row inmates is dubious at best. Defendants required (and themselves requested) court orders before the decisions in *Martinez Ramirez* and *Twyford*

were issued. *See, e.g., Ricks v. Lumpkin*, No. 4:30-cv-1299, Doc. 31 (N.D. Tex. April 19, 2022); *id.* at Doc. 26; *Washington v. Lumpkin*, No. 4:07-cv-721, Doc. 226 (S.D. Tex. Feb. 15, 2022).

Fourth, Defendants' claim that Beatty's "long history of disciplinary problems distinguishes him from other death row inmates" appears to be nothing more than a post-hoc justification for their refusal to remove his handcuffs. Doc. 11 at 10. Defendants make the claim that Beatty is not similar to his comparators because of his disciplinary history. Beatty cannot substantively respond to this assertion because Defendants make only this unsupported statement without comparing it to the disciplinary records of others on death row. Defendants' motions for unhandcuffed evaluations in other cases fail to address the petitioner's disciplinary history, a significant omission if this information is truly relevant to authorizing such evaluations. Regardless, Defendants do not conduct an individualized assessment of the "risk" of unhandcuffing a specific inmate. They require a court order for all men on death row, despite previously allowing unhandcuffed evaluations for years. *See* Ex. 1. Despite this shift, everyone other than Beatty had the opportunity for an unhandcuffed evaluation.

**B. Defendants do not attempt to meet their burden regarding gender discrimination.**

Defendants admit that they allowed Melissa Lucio an unhandcuffed neuropsychological evaluation. Doc. 11 at 10–11. They do not dispute that they treat men

4

and women death row prisoners differently. Instead, Defendants assert that Lucio's case is different because she was unhandcuffed during what they refer to as a non-contact visit.[1]

Defendants' argument misses the mark. Beatty's complaint did not allege that Lucio received an unhandcuffed contact visit with her neuropsychologist. Doc. 1 ¶78 "(Melissa Lucio is an example of a similarly situated woman on death row receiving access to an uncuffed mental health evaluation with a pending execution date—an opportunity that Defendants have denied Mr. Beatty."). Whether Beatty receives what Defendants consider a "contact" visit is not the question. Whether they will remove his handcuffs to permit testing, as they did for Lucio, is. This strawman argument is also strange considering that they allowed Lucio unhandcuffed contact visits to pray with, and be embraced by, members of the Texas Legislature. *Id.* at ¶¶53–54.

Defendants assert that it is Beatty's fault he did not receive the same treatment Lucio did. But they insisted on him obtaining a court order when the evaluations were scheduled, then opposed the issuance of such an order, and then refused to unhandcuff him for Drs. Agharkar and Martell on the evaluation dates. Plainly, informal resolution was not available. Nor was the grievance system. Doc. 10 at 15–17.

Defendants make no further arguments that Lucio is not similarly situated to Beatty. As they do not offer any justification for the disparate treatment between men and women,

---

[1] The "holding cell" is the same area that legal visits are conducted at in the Mountainview Unit. In counsel's experience during legal visits, Defendants unlock the pass-through slot on the front of the "holding cell." Presumably, this slot was open during Lucio's evaluation for the neuropsychologist to administer the tests.

5

much less "an 'exceedingly persuasive justification,'" they have failed to carry their burden. *See Mississippi University for Women v. Hogan*, 458 U.S. 718, 724 (1982) (quoting *Kirchberg v. Feenstra*, 450 U.S. 455, 461 (1981)).

### C. Defendants failed to address Beatty's cited cases regarding state interference with clemency.

Beatty argued that due process can be violated when the State interferes with an individual's ability to present evidence in support of his application for clemency. Doc. 1 ¶¶81–86. Defendants do not address Beatty's case law support for this proposition, Doc. 6 at 12, and instead make only the blanket statement that the requested evaluations fall outside of due process protections. Doc. 11 at 12. For the reasons previously stated, Beatty disagrees. Doc. 6 at 11–12.

### D. Defendants failed to respond to the actual access to courts claim raised by Beatty.

Defendants correctly note that an access to courts claim requires pleading a claim that could not be brought. Doc. 11 at 13. Beatty did so. Doc. 1 ¶89. His complaint contains a description of a nonfrivolous intellectual disability claim under *Atkins v. Virginia*, 536 U.S. 304 (2002), that Defendants actions have made impossible for him to pursue *Id.* at ¶¶59-64. Beatty extensively discusses this claim in his Motion for Preliminary Injunction. Doc. 6 at 13–16. Rather than address this, Defendants offer only the non sequitur response that "as evidence [sic] by the currently pending parallel litigation initiated by Plaintiff, he is not being denied access to the courts." Doc. 11 at 14. Plainly, that has nothing to do with whether Defendants interfered with his access to courts to bring an *Atkins* claim.

### E. Beatty did not assert that he currently has a Sixth Amendment right to counsel.

Beatty's position is that Defendants have obstructed the availability of professional representation, guaranteed by 18 U.S.C. § 3599, to pursue clemency and subsequent habeas litigation. Doc. 1 ¶93. That right to counsel is designed to be "meaningful." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Defendants create a strawman argument—that Beatty does not have a Sixth Amendment right to counsel—and successfully knock it down. Doc. 11 at 13. Defendants claim their refusal to deny his request for unhandcuffed evaluations does not violate his right to counsel. Beatty disagrees for the reasons previously stated. Doc. 1 ¶¶91-94; Doc. 6 at 14.

## III. Beatty will be irreparably injured if this motion is not granted.

Defendants incorrectly claim that "the only harm Plaintiff has identified" is his impending execution. Doc. 11 at 14. To Defendants, this is "not germane to a harm analysis" because "[i]f Plaintiff dies, his sentence has only been fulfilled." *Id.*

While Beatty certainly cited his impending execution as an irreparable injury, he also explained that "[d]ue to Defendants' interference, he was unable to present available information in support of clemency or pursue a potentially meritorious *Atkins* claim. Allowing his execution to go forward under the current circumstances sanctions a sentence that may have been commuted by the Governor or overturned in the courts." Doc. 6 at 19.

## IV. Granting this motion will not substantially harm Defendants.

Defendants "oppose[] any action that would cause further delay." Doc. 11 at 15. Here, for years they allowed unhandcuffed expert evaluations. And, until this case, they were

7

unopposed to requests for the court orders that they recently began requiring for unhandcuffed evaluations. Defendants cannot claim substantial harm for a situation of their own creation, particularly where the requested injunction would not prevent Texas from executing Beatty in the near future and would only place Beatty on equal footing with those executed before him.

## CONCLUSION

Beatty asks this Court to enter a preliminary injunction prohibiting his execution on November 9, 2022.


Respectfully submitted,

| | |
|---|---|
| JASON D. HAWKINS<br>Federal Public Defender<br><br>*/s/ Jeremy Schepers*<br>Jeremy Schepers<br>Supervisor, Capital Habeas Unit<br>Texas Bar No. 24084578<br>Office of the Federal Public Defender<br>Northern District of Texas<br>525 S. Griffin St., Ste. 629<br>Dallas, TX 75202<br>214-767-2746<br>214-767-2886 (fax)<br>jeremy_schepers@fd.org | James William Marcus<br>Texas Bar No. 00787963<br>Capital Punishment Clinic<br>University of Texas School of Law<br>727 E. Dean Keeton Street<br>Austin, Texas 78705<br>512-232-1475<br>512-232-9197 (fax)<br>jmarcus@law.utexas.edu |

## CERTIFICATE OF WORD COUNT

I hereby certify that the body of this reply contains 1,943 words, according to my word-processing program.

*/s/ Jeremy Schepers*
Jeremy Schepers

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court for the Southern District of Texas using the electronic case-filing (ECF) system of the Court, which will serve all parties in this case.

*/s/ Jeremy Schepers*
Jeremy Schepers