IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRACY LANE BEATTY<br>  *Plaintiff*,<br><br>v.<br><br>BRYAN COLLIER,<br>Executive Director, Texas Department of Criminal Justice;<br><br>BOBBY LUMPKIN,<br>Director, Correctional Institutions Division, Texas Department of Criminal Justice;<br><br>DANIEL DICKERSON,<br>Senior Warden, Polunsky Unit;<br>  *Defendants*. | Civil Case No. 4:22-cv-3658<br><br><br><br>DEATH PENALTY CASE<br><br>EXECUTION SCHEDULED FOR NOVEMBER 9, 2022 |

## PLAINTIFF'S REPLY REGARDING THIS COURT'S ORDER TO SHOW CAUSE

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers
Supervisor, Capital Habeas Unit
Texas Bar No. 24084578
Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org

James William Marcus
Texas Bar No. 00787963
Capital Punishment Clinic
University of Texas School of Law
727 E. Dean Keeton Street
Austin, Texas 78705
512-232-1475
512-232-9197 (fax)
jmarcus@law.utexas.edu

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... ii
TABLE OF AUTHORITIES .......................................................................................... iii
ARGUMENT ...................................................................................................................... 1
    I.     The Fifth Circuit's ruling obviates any concern about parallel litigation. ................. 1
    II.    Beatty's complaint is timely. ....................................................................................... 1
    III.   Beatty filing for clemency was a mandatory prerequisite to this suit, not an action that mooted it. ................................................................................................... 4
    IV.   Defendants misunderstand Beatty's access to courts claim. ...................................... 4
    V.    Section 3599 creates a federal right enforceable under § 1983. ................................ 5
    VI.   Defendants failed to address Beatty's argument that their grievance system was unavailable. .................................................................................................................. 6
CONCLUSION .................................................................................................................. 7
CERTIFICATE OF WORD COUNT ............................................................................. 8
CERTIFICATE OF SERVICE ......................................................................................... 8

# TABLE OF AUTHORITIES

                                                             **Page(s)**

**Cases**

*Atkins v. Virginia*,
    536 U.S. 304 (2002) ..................................................................................................5

*Ochoa v. Collier*,
    802 F. App'x 101 (5th Cir. 2020) ............................................................................4

*Sepulvado v. Louisiana Bd. of Pardons and Paroles*,
    114 F. App'x 620 (5th Cir. 2004) ............................................................................4

*Turner v. Epps*,
    460 F. App'x 322 (5th Cir. 2012) ....................................................................... 4, 5

**Statutes**

18 U.S.C. § 3599 ............................................................................................... 1, 2, 3, 5

42 U.S.C. § 1983 ........................................................................................................5

**Other Authorities**

Aripiprazole-(Abilify), National Alliance on Mental Illness, *available at*
    https://www.nami.org/About-Mental-Illness/Treatments/Mental-Health-
    Medications/Types-of-Medication/Aripiprazole-(Abilify) ....................................2

Beatty submits this reply to Defendants' Response to the Court's Order to Show Cause and Plaintiff's Brief in Response, Doc. 13.

## ARGUMENT

**I.     The Fifth Circuit's ruling obviates any concern about parallel litigation.**

The Fifth Circuit issued an opinion today affirming the lower court's holding that it lacked jurisdiction under 18 U.S.C. § 3599 to order Defendants to unhandcuff Beatty during expert evaluations. Doc. 15-1. That ruling appears to eliminate any concern pertaining to parallel litigation. Any small chance of Supreme Court intervention does not warrant staying or dismissing these proceedings. While Beatty disputes some of Defendants' responses to this question, the Fifth Circuit ruling renders any disagreement on those points moot.

**II.    Beatty's complaint is timely.**

Defendants argued that Beatty "essentially" sat on his claims for years, only to assert them at the last minute. Doc. 13 at 7. This is wrong. The claims at issue relate to actions Defendants took in August and September 2022, when they unexpectedly opposed Beatty's motion for a routine unhandcuffed evaluation and then refused to remove Beatty's handcuffs during his September 19 and 22, 2022, mental health evaluations. He did not sit on the claims. Moreover, he filed this complaint two days after he sought clemency, the triggering event constituting an injury. Doc. 6 at 8.

Defendants' broader argument is also wrong. They note that despite having been represented by the same counsel for the past nine years, Beatty never sought expert

1

examinations until this year. Doc. 13 at 7. And, they claim, Beatty "offers no excuse or explanation for why his investigation did not begin until a few weeks before his third scheduled execution." *Id.* In fact, Beatty has clearly explained that *recent* events prompted the recent investigation.

On May 3, 2022, Defendants transferred Beatty to crisis management because he was decompensating. He was actively hallucinating about guards—who had not worked at the prison in years—working 96-hour shifts to torment him. Defendants transferred Beatty to Scott (J4) (a mental health treatment unit), where he remained until May 19, 2022. On June 10, 2022—the same day Beatty's execution date was scheduled—Defendants began administering Aripiprazole, "a medication that works in the brain to treat schizophrenia. It is also known as a second generation antipsychotic (SGA) or atypical antipsychotic."[1] Aripiprazole-(Abilify), National Alliance on Mental Illness, *available at* https://www.nami.org/About-Mental-Illness/Treatments/Mental-Health-Medications/Types-of-Medication/Aripiprazole-(Abilify) (last visited Nov. 2, 2022).

Beatty's court-appointed lawyer first learned of the execution date on June 30, 2022. After a legal visit in which Beatty demonstrated marked decompensation, delusion, and paranoia, counsel promptly sought the appointment co-counsel, located available mental health experts, scheduled the expert evaluations, requested relevant records, and sought an unhandcuffing order more than two months before the scheduled execution date. This

---

[1] This information is available in Beatty's prison medical records, which are in Defendants' custody.

2

would have given counsel more than enough time to pursue any remaining remedies within the relevant deadlines in advance of his execution date. Had Defendants not opposed the routine unhandcuffed evaluations, Beatty would have used the results to timely pursue any available postconviction processes instead of this litigation.

Defendants' claim that Beatty has a "lack of any mental illness," Doc. 13 at 7, is remarkable considering they have long treated him—and are *currently* treating him—with heavy-duty psychotropic medications, including antipsychotics. Defendants have first-hand knowledge of Beatty's history of mental illness: they have transferred Beatty to Scott (J4) repeatedly for mental health crisis interventions. Doc. 1 ¶28. Beatty's history of mental illness is also well-represented in Defendants' own records. The supposed "lack of any history of mental illness" is belied by Defendants' own actions.

Beatty recognizes that the Fifth Circuit was critical of the timing of his § 3599 filing. Doc. 15-1 at 9. Beatty disagrees with that assessment for the reasons listed above. Moreover, there are critical distinctions that based on the timing of the two causes of action. First, the § 3599 case was appealed prior to Drs. Agharkar and Martell provided letters recounting their inability to give warranted testing due to Defendants' refusal to remove Beatty's handcuffs. Doc. 1-1 at 12–20. Those letters provide significant additional support to Beatty's claims that was not in front of the Fifth Circuit. Second, as explained *infra*, Fifth Circuit precedent precluded Beatty from bringing this action until his clemency petition was filed. Doc. 6 at 8.

**III.     Beatty filing for clemency was a mandatory prerequisite to this suit, not an action that mooted it.**

Beatty explained that his clemency-related claims are not moot because this Court can grant him effectual relief—*i.e.*, the requested short injunction, which would preclude Defendants from executing him until he has been afforded unhandcuffed evaluations and has had the opportunity to use the results of those evaluations to seek clemency or available habeas relief. Doc. 10 at 6–7. Defendants ignore this argument entirely and conclude that the filing of a clemency petition renders this case moot. Doc. 13 at 8. However, the exact opposite is true; filing the clemency petition was a necessary action to make this suit justiciable. *See Ochoa v. Collier*, 802 F. App'x 101, 105 (5th Cir. 2020); *Sepulvado v. Louisiana Bd. of Pardons and Paroles*, 114 F. App'x 620, 621–22 (5th Cir. 2004).

Although this Court need not reach the question of whether the exception for issues capable of repetition yet evading review applies, Defendants' rebuttal missed the mark. Doc. 13 at 8. If a claim relating to clemency does not ripen until a clemency petition is filed, yet the filing of that petition moots the claim, the claim will escape judicial review. Contrary to Defendants' position, Beatty has not asserted any intent to sustain this claim based on what may happen to prisoners other than himself. *See id.*

**IV.     Defendants misunderstand Beatty's access to courts claim.**

Beatty has outlined the constitutional basis for his claims in other filings. Defendants assert that the unpublished opinion in *Turner v. Epps*, 460 F. App'x 322 (5th Cir. 2012), established that "[t]here is no constitutional basis for Plaintiff's access to court's claim." Doc.

4

13 at 10. Defendants are wrong. Their argument conflates Beatty's access to courts claim—that Defendants actions frustrated and impeded his ability to present a claim under *Atkins v. Virginia*, 536 U.S. 304 (2002), Doc. 1 ¶¶59-64, 87-90—with his claims relating to the clemency process.

Beyond that, *Turner* is easily distinguishable. There, the court explained that, for an access to courts claim, "[t]he relevant question, then, is what kind of a legal claim Turner would pursue with his expert access" because the "prisoner [must] show an actual injury and actual legal claim." *Turner*, 460 F. App'x at 328. Turner's suit failed because his legal claim—that the court should extend the logic of *Atkins* and other cases to those with severe mental disorders—was not a recognized constitutional claim and there was no procedurally viable path in state or federal court for him to present it. *Id.* at 328-30. In contrast, Beatty has both pled a constitutionally-sound claim under *Atkins* and identified the path to present it in state court. Doc. 1 ¶¶60-64.

## V. Section 3599 creates a federal right enforceable under § 1983.

Beatty stands on his prior briefing that § 3599 creates a federal right enforceable under § 1983. Doc. 10 at 12-15. In its ruling today, the Fifth Circuit noted that 42 U.S.C. § 1983 specifically grants a cause of action that "provide[s] a federal court with jurisdiction to issue a remedy." Doc. 15-1. *Id.* at 5. While the court of appeals was addressing a different legal question—the scope of a federal court's § 3599 jurisdiction and not the merits of this suit—it nonetheless signaled that it viewed § 1983 as a potential enforcement mechanism for

rights asserted under § 3599. Whether Beatty's asserted right falls under that umbrella is, of course, a question for this Court.

## VI. Defendants failed to address Beatty's argument that their grievance system was unavailable.

Beatty primarily argued that Defendants' grievance system was unavailable because it was unable to provide him relief. Doc. 10 at 15–16 (citing *Ross v. Blake*, 578 U.S. 632 (2016)). Defendants acknowledge this argument, Doc. 13 at 15, but do not assert that the grievance system was able to provide relief. Instead, Defendants rely on the fact that Beatty filed grievances. The fact that Beatty filed grievances does not mean that system was able to provide relief.

Defendants handling of Beatty's grievance raises concerns. In their initial filing, which the docket now shows as "entered in Error (Per Attorney)," Doc. 12, Defendants stated that "Plaintiff's Step 1 grievance was resolved on Friday, October 28, 2022. When the undersigned receives a copy, it will be filed under separate cover." *Id.* at 16 n.8. Further, it quotes from that denial: "The grievance was resolved against Plaintiff: 'Without a court order, TDCJ does not permit a death row inmate to be unshackled during an in-person contact examination by a medical expert.' See Exhibit A (Step 1 Grievance)." *Id.* at 15.

Less than an hour later, Defendants filed a new response in which above-quoted language was removed, without explanation, and replaced with this sentence: "To the extent that the grievance relates to the issues at hand, that grievance remains under investigation." Doc. 13 at 15.

Yesterday, Defendants provided a copy of Beatty's Step 1 Grievance, which was resolved on November 1. Ex. 1 ("Without a court order, TDCJ does not permit a death row inmate to be unshackled during an in-person contact examination by a medical expert."). The operative sentence is identical to Defendants' initial, retracted filing, where they claimed to quote from the grievance and stated it was resolved four days prior. Beatty is not sure what caused these irregularities, but if this Court finds that the grievance system was in fact available, Defendants' handling of his grievance raises questions about their handling of the grievance.

## CONCLUSION

Beatty asks this Court to enter a preliminary injunction prohibiting his execution on November 9, 2022, for the reasons stated in that motion. Doc. 6.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

/s/ Jeremy Schepers
Jeremy Schepers
Supervisor, Capital Habeas Unit
Texas Bar No. 24084578
Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org

James William Marcus
Texas Bar No. 00787963
Capital Punishment Clinic
University of Texas School of Law
727 E. Dean Keeton Street
Austin, Texas 78705
512-232-1475
512-232-9197 (fax)
jmarcus@law.utexas.edu

# CERTIFICATE OF WORD COUNT

I hereby certify that the body of this brief contains 1,677 words, according to my word-processing program.

>/s/ *Jeremy Schepers*
>Jeremy Schepers

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court for the Southern District of Texas using the electronic case-filing (ECF) system of the Court, which will serve all parties in this case.

>/s/ *Jeremy Schepers*
>Jeremy Schepers